JOHN MAYNES v. THE DENTON FARMERS' TELEPHONE COMPANY.

No. 15,531.    (95 Pac. 1044.)

PRACTICE, SUPREME COURT—*Finding Based on Conflicting Testimony.* The rule applied that a finding based upon conflicting oral testimony is conclusive on review.

Error from Doniphan district court; WILLIAM I. STUART, judge. Opinion filed May 9, 1908. Affirmed.

*W. F. Means,* and *Ryan & Ryan,* for plaintiff in error.

*J. J. Baker,* and *C. W. Reeder,* for defendants in error.

*Per Curiam:* A number of the citizens of Doniphan county formed themselves into an association for the purpose of erecting and operating a telephone system for their own use. The organization was not incorporated. The members were jointly interested in the system; each contributed to the construction and maintenance of the main line and central office; each owned his own telephone and the wire by which it was connected with the main line. In the briefs the parties call themselves partners. As a part of the initiatory steps taken to organize the company, names of persons along the proposed line who were interested in the enterprise were obtained, from which the membership

was to be secured. Several of these, however, subsequently withdrew and were dropped. The defendants in error remained on the list, and perfected the organization by fixing the duties and liabilities of each member. John Maynes, the plaintiff in error, was one of the original promoters of the association, but, refusing to agree to or comply with the subsequent requirements adopted, he did not become a member of the company as finally organized. After the main line was partially constructed, and poles and other materials were distributed, he insisted upon being recognized as a partner and that he be permitted to connect with and use the line. To enforce this recognition he proceeded to erect, with material belonging to the association, a wire from his residence, which he threatened to connect with the main line. The company thereupon commenced this suit in the district court of Doniphan county to enjoin him from carrying out his threat. A temporary injunction was obtained at the commencement of the suit, which was afterward made permanent. The defendant brings the case here for review. Several assignments of error have been presented, but they are all based upon the claim that the evidence did not justify the findings and judgment of the court.

The case was tried to the court, without a jury. The only controversy on the trial was whether or not John Maynes was a member of the association. Many witnesses were examined upon this question, and from the evidence produced, which was conflicting, the court decided that John Maynes was not a member and that his attempt to make forcible use of the telephone system was wrongful. The findings and judgment of the trial court are conclusive here upon disputed questions of fact. (*Briggs v. Brown,* 53 Kan. 229, 36 Pac. 334.) There was ample evidence presented to sustain the conclusions of the court.

We are unable to find error in any respect, and therefore the judgment is affirmed.